UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EAMON CRONIN, | : | 3:09cv716 (WWE) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BERGER, LEHMAN ASSOCIATES, P.C., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REMAND**

Plaintiff Eamon Cronin filed this action in Connecticut Superior Court alleging that defendant Berger, Lehman Associates, P.C., his former employer, breached its agreement with him to pay severance and violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110(b).

Defendant removed this action to federal court on the basis of federal question and diversity jurisdiction. Plaintiff now moves to remand this case back to state court. For the following reasons, the motion to remand will be denied.

DISCUSSION

Removal to federal court is proper where there is federal subject-matter jurisdiction over the claim being litigated. See 28 U.S.C. § 1441. As a general matter, the party asserting jurisdiction bears the burden of establishing that the case is properly in federal court. United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, 30 F.3d 298, 301 (2d Cir. 1994). In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability. Shamrock Oil & Gas Corp. v.

1

Sheets, 313 U.S. 100 (1941).

In this instance, defendant has removed the case to federal court and, therefore, bears the burden to prove that jurisdiction is proper.  Defendant first maintains that federal question jurisdiction exists because the basis of plaintiff's CUTPA claim is defendant's alleged violation of the federal wire fraud statute, 18 U.S.C. § 1343, which provides for criminal prosecution of individuals who intentionally participate in a scheme to defraud another of money or property.  Specifically, plaintiff alleges that defendant engaged in deceptive acts when it communicated by telephone to misrepresent to Cronin that it did not have a copy of the employment agreement and "was ignorant of its terms."

Generally, federal question jurisdiction is invoked when a plaintiff pleads a cause of action created by federal law.  Merrell Dow Pharaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986).  However, a case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law."  Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983).   To determine whether federal jurisdiction is proper, the court must consider whether a state-law claim necessarily raises "a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Grable & Sons Metal Products v. Darue Engineering & Manufacturing, 545 U.S. 308, 312 (2005).  For federal jurisdiction to be proper, plaintiff's claim must retain a federal issue that is a logically a separate claim, rather than a separate theory that is part of the state law claim.  Broder v. Cablevision Systems Corp., 418 F.3d 187, 194 (2d Cir. 2005).

In this instance, the alleged violation of the federal wire fraud statute does not necessarily raise a federal issue. CUTPA provides, in relevant part, that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). The Connecticut Supreme Court has adopted the following factors known as the "cigarette rule" to determine whether a trade practice is unfair or deceptive: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statute, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers, competitors, or other businessmen." A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215 (1990).[1] Thus, plaintiff could prevail on his CUTPA claim by proving that an unfair, immoral or broadly injurious act occurred without resort to proof of the federal statutory violation. The federal statutory violation represents an alternative theory for CUTPA liability rather than a distinct claim. Accordingly, removal cannot be based on the existence of federal question jurisdiction.

As to diversity jurisdiction, defendant must show that diversity among the parties exists and that it appears to a "reasonable probability" that the amount in controversy

---

[1] In order to prove that the practice is unfair, it is sufficient to meet only one of the criteria or to demonstrate that the practice meets all three criteria to a lesser degree. Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 368 (1999). However, absent substantial aggravating circumstances, simple breach of contract is insufficient to establish a CUTPA violation. Lydall, Inc. v. Ruschmeyer, 282 Conn. 209, 248 (2007).

exceeds $75,000, exclusive of costs and interest.  Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).  To determine whether defendant has properly asserted diversity jurisdiction, courts look first to the complaint and then to the petition for removal.  Schober v. Praxair, Inc., 2009 WL 1204350 (W.D.N.Y. 2009).  Diversity jurisdiction may be established based on the record as whole, including supplemental affidavits, despite the fact that a complaint may not adequately state requisite facts to satisfy 28 U.S.C. § 1332.  Canedy v. Liberty Mutual Insurance Co., 126 F.3d 100, 103 (2d Cir. 1997).

Plaintiff maintains that defendant's assertion of diversity jurisdiction is without foundation.  The complaint does not specify the citizenship of defendant, although the removal papers state that defendant is "a professional corporation organized under the laws of New York with its principal place of business" in Rye, New York.  For purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business.  Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006).  Accordingly, the removal notice establishes that defendant is a citizen of New York.

The complaint and notice of removal state, respectively, that plaintiff "resides in" and "is a resident of" Connecticut, but neither alleges that plaintiff is a citizen of Connecticut or any other state.  However, defendant has submitted an affidavit from one of its human resources employees, Nancy Krysevig.  She avers that company records show plaintiff as residing in Connecticut since 1997, and that she believes him to be a citizen of Connecticut.  Plaintiff has not filed any opposition to the averments made in this affidavit.  Accordingly, the Court finds that citizenship in Connecticut is

established based on this uncontested affidavit.  See Canedy, 126 F.3d at 103 (diversity established by information provided in uncontested affidavits).  Nevertheless, the Court will instruct defendant to amend the notice of removal to state that plaintiff is a citizen rather than a resident of Connecticut.

Plaintiff contends that defendant's removal papers are also deficient because they fail to quantify the amount in controversy.  Defendant has submitted an affidavit from its attorney with a letter attached from plaintiff's attorney stating that plaintiff is owed $37,500 under the terms of the employment contract.  Thus, the amount in controversy on plaintiff's breach of contract claim is $37,500.  On his CUTPA claim, plaintiff seeks both compensatory and punitive damages, which have the potential to exceed $37,500.  Taking all of the allegations as true, there is a reasonable certainty that the jurisdictional amount in controversy is met.  The motion for remand will be denied.[2]

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand (Doc. #14) is DENIED.  Defendant is instructed to amend the removal papers within ten days of this ruling's filing date.

Dated this _18th____ day of June, 2009, at Bridgeport, Connecticut.

```
            /s/
Warren W. Eginton,
Senior United States District Judge
```

---

[2] The Court will also deny plaintiff's request for attorney fees associated with filing the motion for remand.